# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# HELENA DIVISION

MELCHIZEDEK SHABAZZ,
a/k/a Dwight Mitchell
ADC #84212                                                                               PLAINTIFF

V.                                     2:08CV00110 BSM/JTR

LARRY NORRIS, Director,
Arkansas Department of Correction, et al.                                DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the United States District Judge, you must, at the same time that you file your written objections, include a "Statement of Necessity" that sets forth the following:

   1.      Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence to be proffered at the requested hearing before the United States District Judge was not offered at the hearing before the Magistrate Judge.

    3.    An offer of proof setting forth the details of any testimony or other evidence (including copies of any documents) desired to be introduced at the requested hearing before the United States District Judge.

From this submission, the United States District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Room A-149
    Little Rock, AR 72201-3325

## I. Introduction

Plaintiff, who is currently incarcerated at the East Arkansas Regional Unit of the Arkansas Department of Correction, has filed an Application to Proceed *In Forma Pauperis* and a *pro se*[1] § 1983 Complaint. *See* docket entries #1 and #2. For the reasons set forth herein, the Court recommends that the Application to Proceed *In Forma Pauperis* be denied, and that the case be dismissed, without prejudice.

---

[1] Plaintiff is hereby notified of his responsibility to comply with Local Rule 5.5(c)(2), which states: "It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure."

## II.  Discussion

**A.      Three Strikes Provision**

The Prison Litigation Reform Act contains a three-strikes provision, which specifies that a prisoner cannot proceed *in forma pauperis* "if the prisoner has on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Higgins v. Carpenter*, 258 F.3d 797, 800 (8th Cir. 2002) (holding that § 1915(g) is constitutional).

The Court's records demonstrate that Plaintiff has previously filed *at least* three cases that were dismissed for failing to state a claim upon which relief may be granted.  *See Shabazz v. Pilkinton;* 4:96CV04026 HFB (W.D. Ark. May 21, 1996); *Shabazz v. Arkansas Department of Correction*; 5:03CV00403 JWC (E.D. Ark. Aug. 25, 2004); *Shabazz v. Brown*; 4:04CV04038 HFB (W.D. Ark. May 14, 2004).  Accordingly, the Court concludes that Plaintiff has accumulated three strikes, as defined by § 1915(g).

**B.      Imminent Danger Exception to the Three Strikes Rule**

Even though Plaintiff is a three striker, he still may be allowed to proceed *in forma pauperis* if he falls under the "imminent danger" exception to the three strikes rule that is set forth in § 1915(g).  *See* 28 U.S.C. § 1915(g) (providing that three strikers should, nevertheless, be granted permission to proceed *in forma pauperis* if they are "under imminent danger of serious physical injury"). In *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998), the Eighth Circuit explained that the imminent danger exception applies only if the prisoner alleges that he is in imminent danger "*at the time of filing*" and that "[a]llegations that the prisoner has faced imminent danger in the past are

insufficient." (Emphasis in the original.)   The Eighth Circuit also has been reluctant to apply the imminent danger exception unless the alleged ongoing danger exposes the prisoner to a risk of a truly serious physical injury. *Compare Ashley*, 147 F.3d at 717 (applying the imminent danger exception when a prisoner alleged that prison officials continued to place him near his enemies despite two prior stabbings), *with Martin v. Shelton,* 319 F.3d 1048,1050 (8th Cir. 2003) (refusing to apply the imminent danger exception when a plaintiff alleged that prison officials made him work outside in extreme weather conditions that did not result in any serious physical injuries).

In his Complaint, Plaintiff alleges that, in *September of 2005*, Defendants failed to protect him from being attacked by another inmate and subsequently denied him adequate medical care for a finger he broke during the altercation. *See* docket entry #2.  These alleged constitutional violations occurred almost *three years before* Plaintiff commenced this action on June 6, 2008.  *Id.* Accordingly, the Court concludes that Plaintiff has failed to establish that he was in imminent danger of serious physical injury at the time he filed this action.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1.	Plaintiff's Application to Proceed *In Forma Pauperis* (docket entry #1) be DENIED.

2.	This § 1983 action be DISMISSED, WITHOUT PREJUDICE, pursuant to the three strikes rule set forth in 28 U.S.C. § 1915(g).

3.	Plaintiff be given the opportunity to continue this case by:  (a) paying the statutory filing fee of $350, in full, noting the above case style and number; and (b) filing a Motion to Reopen the case.

4.	The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order and Judgment adopting this Recommended Disposition would not be taken

in good faith.

   Dated this 16th day of June, 2008.

                      _____
                      UNITED STATES MAGISTRATE JUDGE